Barber *v.* Robeson and Maxwell.

---

## BARBER v. ROBESON AND MAXWELL.

Under the act, *Revised Laws* 355, an attachment will not lie against an absent or absconding *joint* debtor or partner, if one or more of the joint debtors or partners reside within this State. An attachment will lie for a fixed and certain sum, whether it accrued by covenant in a deed, or bond, note or simple contract.

A writ of attachment in covenant, was issued and returned to the Court of Common Pleas of the County of Warren, at the term of December 1834, by Maxwell and Robeson against Barber, as an absconding debtor. On the return of the writ, the defendant was three times called, made default, and his default recorded. At the next term, the defendant was again called, made default, and his second default was recorded, when a writ of *certiorari* was presented by the defendant in attachment, and the cause removed into this court. The counsel of the parties submitted the case on written arguments.

*Morris,* for plaintiff.

*Maxwell,* for defendants.

HORNBLOWER, C. J. Barber, the plaintiff in *certiorari,* and one Hornbaker, entered into a *joint* agreement, in writing, but not under seal, with Robeson and Maxwell, to purchase of them a tract of land, for fifteen hundred dollars, to be paid on delivery of the deed.

It is admitted that Robeson and Maxwell, have tendered a deed, and in all things performed the agreement on their part, but that Barber and Hornbaker have refused to receive the deed, or in any way to perform their part of the contract.

Barber being a non-resident, or having left the State, Robeson and Maxwell sued out an attachment against him alone, for the purchase money, notwithstanding Hornbaker then resided in this State.

This case comes directly within the principle settled by this court, in *Hollingshead and others* v. *Curtis*, decided in September term 1834, 2 *Green's Reports*, 402, in which we determined, that under our statute, an attachment will not lie against an absent or absconding *joint* debtor or partner, if one or more of the joint debtors or partners resided within this State. It is unnecessary, therefore, to consider the points, which have been raised and discussed by the counsel, in their briefs submitted to the Court.

The attachment, and all the proceedings thereon, must be set aside.

FORD, J.    William P. Robeson and John P. B. Maxwell, covenanted *to sell* forty acres of land to John Hornbaker and Jesse Barber ; and in consideration thereof, Hornbaker and Barber covenanted to *pay* Robeson and Maxwell, on their making a warranty title, fifteen hundred dollars, one third in cash, and the rest in two yearly payments, to be secured by bond and mortgage, on the premises ; but if a mill should not be built on the land, the payments were to become immediately due, if other satisfactory security should not be given.    The covenants bear date the 23d of March 1833, but fix no time for either party to perform them.    No mill was built on the land, nor satisfactory security tendered, although Robeson and Maxwell tendered them a deed containing a warranty of title. Afterward, Robeson and Maxwell sued out against Barber, who absconded, an attachment *in covenant*, on which, the second default had been recorded in the Common Pleas of Warren County, when the proceedings were removed into this court, and an objection taken, that an attachment will not lie on this covenant, because the damages for breach of it, are unliquidated.

The statute gives an attachment against absconding or absent *debtors*, consequently there must be a *debt*, which is a sum of money certain, or reducible readily to a certainty, 1 *Chit. Plead.* 99.    If it is payable on conditions or contingencies, those must

Barber *v.* Robeson and Maxwell.

be performed or happen before it becomes a certain debt. Now the fifteen hundred dollars was a sum certain, which became absolute by the tendering of a warranty deed, and by Hornbaker and Barber not building the mill, or giving satisfactory security, bail might have been had on the common affidavit, without the order of a Judge. Attachment will lie, whenever debt will lie by *capias* on the common affidavit for bail. *Jeffery* v. *Wooley*, 5 *Hals.* 123. This ceased to be an *executory* contract, by the tendering of a warranty deed; it changed into an *executed* contract; by that act, and by the neglect of the other party to perform, it became a present and absolute debt. It is true, that a man may elect to perform his covenant, or to pay damages in lieu of it, *at law*, if it be to do any *other act* than to pay money; for *the law* has no means of compelling him to perform the act; as if it be to convey land or to build a house; that can be compelled to be done, only in a court of equity. But if it be to pay a sum of money, a court of law can compel performance of the specific act, by distress of goods and imprisonment of body. There is no election to perform such a covenant or to pay damages, for it is never left to a jury to find damages in lieu of a debt, but the debt itself. The sum due being a fixed and certain one, an attachment will lie for it, whether it accrued by a covenant in a deed, on bond, note or simple contract. And I should have no doubt of the legality of this attachment, but for one difficulty that seems not to be noticed on either side.

This is a *joint covenant* by Hornbaker and Barber, and only one of them is sued. If Barber should appear and bring the cause to trial, the plaintiffs must fail. A several action cannot be maintained on a joint contract. The defendant might demur to the declaration; or if it be declared on as a several covenant, the proof would fail, and the plaintiffs must be non-suit. If the court could not make a joint covenant lie against one alone, so neither could the auditors, and the action would be useless. It is however more than useless; it is illegal. An *attachment* will not lie against the separate or joint estate, or both, of persons *jointly bound or indebted*, under the 27th Section of the statute, unless they are all non-residents or have all

absconded. This was decided in the case of *Hollingshead* v. *Curtis,* in September term 1834. If one of the joint debtors can be served with the usual process, whether summons or *capias,* they may all be proceeded against by statute. And I take it to be a clear principle, that where a party can proceed by ordinary process, he shall never resort to attachment. In my opinion, the attachment in this case must be set aside.

RYERSON, J. concurred.

*Attachment set aside.*

CITED in *Cheddick's Exr.* v. *Marsh,* 1 Zab. 466.